UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOANN MARIE TRIPPETT,                           16-CV-908-MJR

                                                          DECISION AND ORDER

               Plaintiff,

    -v-

COMMISSIONER OF SOCIAL SECURITY,[1]

               Defendant.
_____

       Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 22).

       Plaintiff Joann Marie Trippett brings this action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying her Supplemental Security Income Benefits ("SSI") under the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Trippett's motion (Dkt. No. 13) is granted, the Commissioner's motion (Dkt. No. 20) is denied, and this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## BACKGROUND

       On January 17, 2013, Trippett filed an application for SSI alleging disability since January 13, 2012, due to rheumatoid arthritis, fibromyalgia, heart problems, and depression. (*See* Tr. 65-71, 143-48).[2] Trippett later amended her alleged onset date to

---

[1]       The Clerk of Court is directed to amend the caption accordingly.
[2]       References to "Tr." are to the administrative record in this case.

January 17, 2013, the date of her SSI application. (Tr. 44). Born in 1971, Trippett was forty-one-years old at the time of her application. (Tr. 143). Trippett's SSI application was denied on May 1, 2013 (Tr. 65-71, 79-90), after which she requested a hearing before an Administrative Law Judge (Tr. 91-93). On November 10, 2014, Trippett, represented by counsel, appeared before Administrative Law Judge David S. Lewandowski (the "ALJ") for a hearing. (Tr. 41-64). On January 21, 2015, the ALJ issued his decision denying Trippett's SSI claim. (Tr. 16-34). Trippett requested review by the Appeals Council (Tr. 14), but on September 15, 2016, the Appeals Council denied Trippett's request, making the ALJ's decision the final decision of the Commissioner (Tr. 1-6). This action followed.

## **DISCUSSION**

I.   *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the

conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II. *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or

whether he would be hired if he applied for work." *Id.* §1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 to subpart P of part 404 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §416.920(d). If the claimant satisfies both requirements of step three, the Commissioner

will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.*

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.*

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III. *The ALJ's Decision*

The ALJ followed the required five-step analysis for evaluating Trippett's SSI claim. Under step one, the ALJ found that Trippett has not engaged in substantial gainful activity since her January 17, 2013 SSI application date. (Tr. 21). At step two, the ALJ concluded that Trippett has the following severe impairments: "rheumatoid arthritis; obesity; fibromyalgia; urinary incontinence; and below average intellectual functioning." (*Id.*). At step three, the ALJ found that Trippett does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (Tr. 23). Before proceeding to step four, the ALJ assessed Trippett's RFC as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in [20 C.F.R. §416.967(b)][3] except the claimant is able to perform frequent postural activities; frequent reaching, handling and fingering; the claimant must have up to two unscheduled bathroom breaks per day lasting for five minutes each; and the claimant is able to understand, remember and carry out simple instructions and perform simple tasks.

(Tr. 25). Proceeding to step four, the ALJ found that Trippett has no past relevant work. (Tr. 27). At the fifth step, the ALJ considered Trippett's age, education, work experience, RFC, and the testimony of a vocational expert to conclude that Trippett can perform jobs that exist in significant numbers in the national economy, such as fast food worker, ticket taker, and office helper. (Tr. 27-28). Accordingly, the ALJ found that Trippett can successfully adjust to other work and, therefore, that she has not been under a disability

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities." 20 C.F.R. §416.967(b).

within the meaning of the Act since her January 17, 2013 SSI application date. (Tr. 28-29).

IV. *Trippett's Challenges*

Trippett challenges both the ALJ's RFC assessment and the ALJ's findings regarding her severe impairments. (*See* Dkt. No. 13-1 (Trippett's Memo. of Law)). The Court will address each challenge in turn.

A. *RFC Assessment*

Trippett first argues that the ALJ's RFC assessment is not supported by substantial evidence due to the lack of opinion evidence in the record. The Court agrees.

An RFC assessment need not be supported by a medical source statement or formal opinion as long as "the record is clear and contains some useful assessment of the claimant's limitations from a medical source" from which the ALJ can assess the claimant's RFC. *Muhammad v. Colvin*, No. 6:16-cv-06369(MAT), 2017 WL 4837583, at *4 (W.D.N.Y. Oct. 26, 2017) (internal quotation marks and citations omitted). Here, because the ALJ did not rely on any opinion evidence in concluding that Trippett retains the physical RFC to perform a range of light work, the question is whether the record is clear and contains some useful assessment of Trippett's physical limitations from a medical source. The Court concludes that the record in this case is far from clear and does not contain a useful assessment of Trippett's physical limitations. The voluminous treatment notes in the record primarily discuss Trippett's impairments, symptoms, and treatment; they do not shed much, if any, light on Trippett's physical limitations. *See Guillen v. Berryhill*, 697 F. App'x 107, 108-09 (2d Cir. 2017) (summary order) (remanding where the ALJ failed to obtain a medical source statement from plaintiff's treating

physician and plaintiff's medical records did not "shed any light on [plaintiff's] residual functional capacity"); *cf. Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (summary order) (affirming denial of benefits where the plaintiff's medical records contained an assessment of her limitations). As a lay person, the ALJ was not in a position to interpret the bare medical findings in the record to conclude that Trippett retains the physical RFC to perform a range of light work. *See Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (finding that the ALJ, as a lay person, was not in a position to interpret the medical evidence); see also *Williams v. Berryhill*, No. 16-CV-283-FPG, 2017 WL 1370995, at *3 (W.D.N.Y. Apr. 17, 2017) ("[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence.") (alteration in original) (quoting *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015)). The ALJ should have instead obtained an opinion from Dr. Linda Burns, who treated Trippett for fibromyalgia and rheumatoid arthritis, or from Trippett's medical provider at WNY Medical PC, where Trippett treated throughout the relevant period. *See Johnson v. Berryhill*, No. 1:16-CV-01003(MAT), 2018 WL 3768310, at *4 (W.D.N.Y. Aug. 9, 2018) (noting that a medical source statement from a treating physician is particularly helpful in cases involving fibromyalgia due to the need to consider the plaintiff's longitudinal record). At a minimum, the ALJ should have at least arranged for a consulting physician to examine Trippett and render an opinion regarding her functional limitations. The ALJ's failure to obtain any opinion evidence whatsoever regarding Trippett's physical limitations leaves a gap in the record that must be filled on remand.

The ALJ's mental RFC assessment that Trippett "is able to understand, remember and carry out simple instructions and perform simple tasks" (Tr. 25) is likewise not supported by substantial evidence. While the record contains an opinion from a state agency review psychiatrist, the opinion does not address any of Trippett's mental limitations. (Tr. 68-69). The treatment notes in the record similarly do not assess Trippett's mental limitations, making it unclear to the Court how the ALJ concluded that Trippett does not have any mental limitations beyond being able to understand, remember, and carry out only simple instructions and perform only simple tasks.[4]

Consequently, for these reasons, the ALJ's RFC assessment is not supported by substantial evidence. On remand, the ALJ should request opinions regarding Trippett's physical and mental limitations from one of her medical sources or obtain such opinions from a consulting physician or physicians.

### B. *Severe Impairments*

Trippett also argues that the ALJ erred by finding her depression and learning disability to be non-severe impairments at step two of the sequential evaluation process. The ALJ should consider this argument on remand after further developing the record with the opinion evidence discussed above.

## CONCLUSION

For the foregoing reasons, Trippett's motion for judgment on the pleadings (Dkt. No. 13) is granted, the Commissioner's motion for judgment on the pleadings (Dkt. No. 20) is denied, and this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

---

[4] The Court notes that the record does contain reports from Trippett's school psychologists (Tr. 197-99, 203-06), but these reports are from 1987 and 1990, decades before Trippett filed her SSI application.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated: September 7, 2018
Buffalo, New York

*/s/ Michael J. Roemer*
MICHAEL J. ROEMER
United States Magistrate Judge